```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
MARGARITA METZ and MANUEL METZ,    )
                                   )
         Plaintiffs,               )
                                   )
     v.                            )   C.A. No. 23-510 WES
                                   )
STATE FARM FIRE AND CASUALTY       )
COMPANY,                           )
                                   )
         Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Senior District Judge.

In this case, Plaintiffs Margarita and Manuel Metz ("the Metzes") bring claims for breach of contract and bad faith dealing against Defendant State Farm Fire and Casualty Company ("State Farm"), stemming from State Farm's denial of their insurance claim for the flooding of their home. Compl., ECF No. 1-1. In response, State Farm brings a Motion for Judgment on the Pleadings, ECF No. 14, arguing that the pleadings prove that the Metzes' claim is not covered under the terms of the insurance policy. But the pleadings, viewed in the light most favorable to the Metzes, do not conclusively establish this proposition. Accordingly, the Motion for Judgment on the Pleadings, ECF No. 14, is DENIED.

**I. BACKGROUND**

In their respective pleadings, the Metzes and State Farm agree

on the broad outline of the course of events. See generally Compl.; Answer & Countercl. State Farm ("Answer"), ECF No. 5. The Metzes own residential property in Rhode Island and carry a homeowners insurance policy (the "Policy") for that property issued by State Farm. Compl. 8. On April 24, 2023, the Metzes' daughter Tamara received a report of flooding at the property. Id. at 9. Subsequently, Tamara's husband went to investigate and confirmed the report. Id. State Farm was notified of the damage and opened an investigation into the flooding event. Id. About a month later, State Farm sent the Metzes a letter denying any coverage for the damage, citing a provision of the Policy (the "Coverage A Exclusion") that expressly disclaims coverage for damage to the house caused by the "seepage or leakage of water . . . that occurs or develops over a period of time" and is "continuous" and "from a plumbing system." Id. at 9-10.

State Farm, in its pleadings, adds color to this outline. It states that it was Tamara who called to report the flooding. Answer 13. She reported that when her husband arrived, he entered the home and discovered that the entire place was flooded. Id. State Farm claims Tamara also disclosed that the home had been vacant for around seven months because the Metzes no longer lived there. Id. As to its investigation, State Farm claims to have engaged another company, American Leak Detection ("ALD"), to evaluate the cause of the flooding. Id. When ALD investigated

2

the property, a public adjuster engaged by the Metzes was also present. Id. ALD thereafter issued a Cause and Origin Report ("C&O Report"), concluding that "the hot water shutoff to the second-floor bathroom vanity failed and water ran through the house for an extended amount of time." Id. State Farm also communicated with the Bristol County Water Authority ("BCWA"), the utility company that provided water to the home. Id. BCWA indicated that a water leak had been ongoing for over seventy days, continuing up to the day of the discovery. Id. at 14.

For their part, the Metzes paint a slightly different picture. They state that when Tamara's husband arrived at the home, he "witnessed gallons and gallons of water gushing out of a pipe in the Property." Compl. 9. A plumber then came and shut the water off. Id. Hence, they claim that the flooding was a "sudden and fortuitous" event, caused by "the sudden and fast discharge o[f] a large volume of water." Id. at 9-10. As for the investigation, they do not mention ALD, the C&O Report, or engaging a public adjuster, but they do say that they provided requested documentation to State Farm, including water records. Id. After State Farm denied their claim, they asked it to rescind the denial, or alternatively provide them with a copy of the insurance policy and all relevant documents and correspondence. Id. at 11. They

3

allege that State Farm did neither. Id.

**II. DISCUSSION**

State Farm moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Mot. J. Pleadings 1. It argues that the pleadings prove it did not breach the Policy because the Coverage A Exclusion bars the Metzes' claim. Id. at 5.

"Judgment on the pleadings is proper only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Great Lakes Ins. SE v. Andersson, 66 F.4th 20, 25 (1st Cir. 2023) (internal quotation marks omitted) (quoting Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007)). The Court must "view the facts contained in the pleadings in the light most favorable to the nonmovant[s] and draw all reasonable inferences in [their] favor." Id. at 22 (quoting Zipperer, 493 F.3d at 53). "These facts may be supplemented by reference to 'documents "fairly incorporated" in the pleadings' and 'facts susceptible to judicial notice.'" Id. (quoting Sevelitte v. Guardian Life Ins. Co. of Am., 55 F.4th 71, 76 (1st Cir. 2022) (citation omitted)).

State Farm's initial argument that it is entitled to judgment on the pleadings is straightforward:

    (1)  the Coverage A Exclusion bars all claims for damage to the house caused by the "seepage or leakage of water" that "occurs or develops over a period of time"

4

            and is "continuous" and "from a plumbing system";

  (2)  the Metzes' claim is for damage to the house that was caused by a water leak that occurred over time, was continuous, and was from the plumbing system; therefore,

  (3)  the Metzes' claim is barred by the Coverage A Exclusion.

See generally Mot. J. Pleadings.

While sound on its face, State Farm's argument does not withstand scrutiny because – at this stage – the reasonably disputed facts undermine the validity of its minor premise.

Specifically, the disputed facts leave unresolved the question of whether the flooding was caused by a continuous water leak that occurred over time versus a single sudden and fast discharge of water. State Farm alleges that its investigation proves that the "leak" started when the "hot water shutoff to the second-floor bathroom vanity failed" and that the "water leak began at the Property on or about February 6, 2023," and continued for over seventy days. Answer 13-14. But the Metzes' pleadings dispute that assertion, claiming that the damage was caused by a "sudden and fortuitous" event of "gallons and gallons of water gushing out of a pipe in the Property." Compl. 9. Viewing the pleaded facts in the light most favorable to the Metzes and drawing all reasonable inferences in their favor, Great Lakes, 66 F.4th at

5

22, State Farm's pleadings do not conclusively establish that the water leak occurred over a period of time and was continuous.

Further consideration of State Farm's additional documents does not resolve this factual dispute. Although State Farm references the C&O Report and its communications with BCWA, the only documents it submitted for consideration by the Court were a copy of the Policy and a single BCWA invoice. Mot. J. Pleadings Exs. 1, 2. The Policy itself may be considered as evidence of the terms of the contractual relationship between State Farm and the Metzes. See Derderian v. Essex Ins. Co., 44 A.3d 122, 127 (R.I. 2012) (holding that insurance policies are contractual in nature and must be interpreted under contract law). But it says nothing about the factual dispute at hand. And the BCWA invoice does not speak to when any supposed leak started or for how long it continued. Instead, it simply shows the total water usage and associated costs for the time period between January 23, 2023, and April 24, 2023 (the date of the flooding). Mot. J. Pleadings Ex. B. While the figures are high, they could be consistent with either parties' version of events. Because these documents fail to prove the truth of State Farm's assertion about the cause and duration of the water leak, State Farm is not entitled to judgment on the pleadings.

And there is another factual dispute that undermines the legitimacy of State Farm's minor premise. That is: the disputed

6

facts do not conclusively establish that the Metzes' claim was only for damage to the house as opposed to damage to personal property.  To be sure, the Complaint's language strongly implies that the Metzes' claim was just for damage to the house.  See Compl. 9-11.  But the Complaint never states that the claim did not also include damage to the personal property inside the house. See id.  And now the Metzes seek to clarify that they are indeed pursuing a claim for damage to their personal property.  Metzes' Resp. Opp'n State Farm's Mot. J. Pleadings ("Resp.") 4, ECF No. 16.  State Farm does not dispute that the claim is also for damage to personal property and not just damage to the house.  See State Farm's Reply Supp. Mot. J. Pleadings ("Reply") 3-5, ECF No. 18.

This additional factual dispute is no small matter.  The Policy addresses damage to personal property ("Coverage B") differently than damage to the house (again, "Coverage A").  Resp. 3-5.  While the Policy language for Coverage B is like the language for Coverage A in that it has the same exclusion, the language for Coverage B differs in that it also allows claims for damage caused by the "[a]brupt and accidental discharge or overflow of water . . . from within a plumbing . . . system").  Mot. J. Pleadings Ex. A, at 29-32.

State Farm argues that the dispute about whether the Metzes' claim was under Coverage A or Coverage B makes no difference.  This is so, it says, because its investigation proves that the Metzes

7

"cannot prevail on their assertion that this particular loss meets the definition of 'abrupt and accidental' such that coverage is afforded under the Policy." Reply 4. But State Farm's contention that the Policy's textual distinction makes no legal difference fails because their argument just wades back into the contested factual waters navigated above.

\* \* \*

All in all, the uncontested and properly considered facts do not conclusively establish that State Farm is entitled to a dispositive judgment at this stage. Accordingly, the Motion for Judgment on the Pleadings, ECF No. 14, is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Senior District Judge
Date: February 14, 2025